1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC JOHNSON,                                    No. C 12-6393 WHA (PR)

                    Petitioner,              **ORDER GRANTING MOTION TO**
                                             **DISMISS**
    v.

DIRECTOR,
                                             (Docket Nos. 6, 8)
                    Respondent.
_____/

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed this habeas case under 28

U.S.C. 2254.  Respondent was ordered to show cause why the petition should not be granted.

Respondent has filed a motion to dismiss on statute of limitations grounds.  Plaintiff filed a

traverse, which is construed as an opposition to the motion.  For the reasons discussed below,

respondent's motion to dismiss is **GRANTED**.

## STATEMENT

The following facts are not disputed by the parties.  In 2005, petitioner was convicted in

Del Norte County Superior Court of indecent exposure.  He was sentenced to a term of two

years and eight months in state prison.  On December 14, 2006, the California Court of Appeal

affirmed the conviction and sentence, and on April 11, 2007, the California Supreme Court

denied a petition for review.  He did not file any habeas petitions in the state courts.  He filed

two habeas petitions in federal court prior to this petition, one in 2007 and the other in 2011,

each of which was dismissed without prejudice because petitioner had not exhausted his claims. Petitioner filed the instant petition on December 18, 2012.

**ANALYSIS**

Respondent contends that the petition is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. 2244(d)(1).

The parties do not dispute that the applicable provision of Section 2244(d)(1) in this case is subsection (A), such that the limitations period began to run when the time for seeking direct review expired.  The California Supreme Court denied the petition for direct review on April 11, 2007.  Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court, but under Section 2244(d)(1)(A) the time for seeking direct review of his conviction included the ninety-day period in which to file such a petition.  *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  Therefore, under Section 2244(d)(1)(A), the limitations period started on July 11, 2007, and expired one year later, on July 11, 2008.  The earliest date that the present petition can be deemed filed is December 7, 2012, the day it was signed, which is more than four years after the limitations period expired.  Therefore the petition is untimely, absent tolling.

While the limitations period may be tolled for the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent

2

United States District Court

For the Northern District of California

1   judgment or claim is pending" under 28 U.S.C. 2244(d)(2), petitioner did not file any habeas or

2   other post-conviction petitions in the state courts.  The limitations period is not tolled under

3   Section 2244(d)(2) during petitioner's federal petitions.  *Duncan v. Walker*,  533 U.S. 167, 180-

4   81 (2001).  Petitioner does not claim that he is entitled to equitable tolling, nor are there any

5   grounds for such tolling apparent from the record.  Petitioner argues in the petition and traverse

6   that there is "newly discovered evidence" of his "actual innocence," but the "evidence" that he

7   claims to have "newly discovered" is actually case law.  Case law and legal argument are not

8   "evidence;" the exception to untimeliness based upon "newly discovered evidence of actual

9   innocence" requires a showing of "factual innocence, not merely legal insufficiency."

10  *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *see generally Schlup v. Delo*, 513

11  U.S. 298, 324 (1995)*; Lee v. Lampert*, 653 F.3d 929, 931 (9th Cir. 2011) (en banc).  Nor does

12  the case law he cites appear to support his claim that he is innocent.

13         As the petition was filed more than four years late, and there is no basis for tolling or

14  finding an exception to the limitations period, the petition is untimely.  In light of this

15  conclusion, respondent's alternate argument for dismissal based upon exhaustion need not be

16  reached.

## CONCLUSION

18         Respondent's motion to dismiss (dkt. 6) is **GRANTED**.  The petition for a writ of habeas

19  corpus is **DISMISSED**.  The motion for appointment of counsel (dkt. 8) is **DENIED**.

20         The clerk shall enter judgment and close the file.

21         **IT IS SO ORDERED.**

22  Dated: July ___8___, 2013.

23                                                    WILLIAM ALSUP
                                                     UNITED STATES DISTRICT JUDG